[No. 8490.]

ARBANEY ET AL. V. USEL.

1. PLEADING—*Admissions In.*  One who joins issue upon the complaint without moving to strike any of its allegations, impliedly recognizes the pertinency of those allegations to the cause of action set forth.  (314.)

2. EVIDENCE—*Parol Admissible.* In an action to cancel or reform a conveyance on the ground of fraud, accident, or mistake, parol is admissible to show the intention of the parties. (314.)

*Error to Pitkin District Court.* Hon. JOHN T. SHUMATE, Judge.

*Department.*

Mr. WILLIAM H. ANDREW and Mr. THOMAS A. RUCKER, for plaintiffs in error.

Mr. HENRY C. ROGERS, Mr. EDWARD C. STIMSON and Mr. PAGE M. BRERETON, for defendant in error.

Opinion by Mr. Justice TELLER.

The defendant in error was plaintiff below in an action which was in effect a suit to reform a deed, and to have the plaintiff adjudged to be the owner of a tract of land to which the defendants claimed title.

The plaintiff claimed all of lot 15, in section 17 of Township 8 south, Range 86 west, except the north forty acres thereof, under a deed from Alexis Arbaney. The defendants claimed all of said lot 15 through mesne conveyances from said Alexis Arbaney.

These latter conveyances, beginning with a deed from Alexis Arbaney to one Cerise, about four years prior to the conveyance to plaintiff, in terms conveyed all of said lot 15. The complaint alleges that these conveyances were all made with the intent to convey only the north forty acres of said lot 15; that the respective grantees paid for only forty acres, and that none of them ever had possession of a greater area in lot 15.

The deeds under which the defendants claimed described the land conveyed as "lots 14 and 15 in section 17, and a strip of ground running south from the south line of lot 15 to the County Road containing about four acres. All

of said land being in Township 8 south, of Range 86 W. 6 P. M. containing about 84. 36 acres."

From the record it appears that lot 14 contains 40.36 acres, and that the defendants' tax schedules for 1910 and 1911 respectively, returned 84.36 acres as the plaintiff's land in said section; also that lots 14 and 15 contain in fact 147.92 acres, and that a four acre tract if located south of lot 15 would be across the river, and be land not claimed by defendants. There was testimony to the effect that plaintiff went into possession under a lease from Alexis Arbaney, executed in 1903, of all of lot 15 south of the County Road, that is, all of lot 15 except 44 acres north of the County Road; that the lease contained an option to purchase, and that plaintiff had held possession of said land and had cultivated it continuously to the time of the trial. A deed to plaintiff was made in 1906, conveying the land under said lease.

Defendants' grantor testified that during the five years of his ownership of the land in lot 15, he claimed and occupied only the 44 acres therein north of the County Road, and that the south portion of lot 15, which was separated from the land of witness by a fence, was cultivated by plaintiff during said five years.

There was other testimony supporting the allegations of the complaint that none of the persons through whom defendants claimed title, subsequent to the conveyance by Alexis Arbaney in 1902, had ever occupied the land now claimed by the plaintiff.

The court found for the plaintiff and entered judgment accordingly.

The principal ground upon which plaintiffs in error rely for a reversal of this judgment, is the admission of evidence as to the amounts paid for the land, the occupation and cultivation of the land by the several parties through whom plaintiffs in error deraign title, the fences on the land,

and various declarations of these parties, and of the plaintiffs in error. It is urged that this evidence violates the rule against the admission of parol evidence to vary or contradict the terms of a written instrument. That it violates, also, the rule that in deeds that which "is most certain and material controls that which is less certain and material;" the reference to the area—84.36 acres, being less certain than the description by the lot numbers.

This contention fails wholly to recognize the nature of this action. It was not brought to secure a construction of the deeds as executed; but to correct a mistake, and have the deeds reformed so as to express the intention of the parties, such reformation being necessary to remove a cloud on the title of the plaintiff.

The complaint contained allegations as to purchase price, cultivation, fencing and possession, upon which the defendants by answer, without having moved to strike any of them from the complaint, joined issue. This would seem to be a recognition of the pertinency of those matters to the cause of action set forth.

The action being of the nature above stated neither of the rules invoked by plaintiffs in error is applicable. Parol evidence is admissible in a suit to cancel or reform a deed. 17 Cyc. 749; 1 Greenleaf on Evidence, 14th Ed. Sec. 296, a.

"Equity frequently will admit parol evidence to show the intention of the parties in executing a writing, and will, if possible, carry out this intention." 10 R. C. L. 1018.

This exception to the general rule applies in cases of fraud, accident and mistake, and without it equity would have no efficacy in one of the most important fields of its jurisdiction.

To a proper exercise of its jurisdiction in a case like this, the court must first determine what land the parties intended to have conveyed; and evidence which aids in that

determination is not subject to objection under either of the rules above stated.

The competent evidence in the record abundantly sustains the court's finding, and it is therefore unnecessary to consider objections made to other evidence on other grounds, which, if excluded, could not have affected the result.

The judgment is affirmed.

*Judgment affirmed.*

Chief Justice GABBERT and Mr. Justice HILL concur.