No. 20,305.

HATFIELD CHILSON, AS EXECUTOR OF THE ESTATE OF
HELEN M. BONNELL, DECEASED, ETC., *v.* EDITH E. REED, ETC.
(389 P. [2d] 87)

Decided February 3, 1964.

Messrs. GRANT, SHAFROTH, TOLL & McHENDRIE, for
plaintiff in error.

Mr. RALPH B. HARDEN, for defendant in error.

*In Department.*

·Opinion by MR. JUSTICE SUTTON.

EDITH E. REED was one of several named defendants in an action brought by Hatfield Chilson both as executor and trustee under the Last Will and Testament of Helen M. Bonnell, who died December 10, 1960. The purpose of the suit was to determine the ownership of certain bank accounts and grain contracts which Reed claimed as Bonnell's surviving joint tenant.

Following trial to the court judgments were entered in favor of Reed on both issues. Chilson seeks review by Writ of Error only of the judgment which awarded the grain contracts to Reed.

As we view it the issue to be decided is whether the wording used by Bonnell created a joint tenancy in the grain accounts prior to her death; and if not, whether certain evidence of intention to create a joint tenancy was properly admitted on the cross-claim, and if properly admitted was this evidence then sufficient to permit a reformation of the contracts into joint tenancy accounts.

The record discloses that Reed was a long time, faithful employee and companion of widow Bonnell. Bonnell's Last Will and Testament made Reed her largest beneficiary. The evidence is that the substantial bank accounts were first changed into joint tenancy accounts with the use of the conjunctive word "or" by Bonnell when she visited the banks concerned and told the bank officials that she wanted Reed to have the proceeds when she, Bonnell, died. It is also disclosed that Bonnell soon thereafter made a trip to the office of the Denver Elevators in Loveland, Colorado, where she told the manager, Otis L. Scott, the same thing and that she wanted her then present account and future accounts to be carried as "Helen M. Bonnell or Edith E. Reed" to insure that Reed would receive as joint tenant all the proceeds on hand at Bonnell's death. Scott asked for a letter of authority which was sent him by Bonnell on July 16, 1960. The body of the letter read:

"I should like to have you show all grain received from Helen M. Bonnell entered on your records as

"Helen M. Bonnell *or* Edith E. Reed" and this is your authority to do so." (Emphasis appears in the original.)

Thereafter the grain company changed all its records as directed. It appears that the sum due on the grain contracts at Bonnell's death was $34,545.04 on new accounts and $493.28 on an old account.

Various witnesses, over timely objections to pertinent parts of their testimony, testified that Bonnell meant to and thought she was creating by her instructions joint tenancies with full survivorship rights in both the bank accounts and her grain accounts.

As stated above, Chilson has accepted the adverse judgment as to the bank accounts. He contended in the trial court and urges here, however, that though there is a statute (C.R.S. '53, 14-13-6) relating to joint bank accounts which does not expressly require use of terms such as joint tenant, joint tenancy or survivorship, this rule does not carry over to other types of accounts. He asserts, for example, that C.R.S. '53, 118-2-1, has long required express words to create a joint tenancy in realty and that C.R.S. '53, 76-1-5, as now amended, covers all personalty except bank accounts and requires express use of the magic words to create such a property right.

It is further asserted that the parol evidence rule prevents the use of testimony and other evidence to explain the use of the word "or" which explanation it is urged will vary the terms of the grain contracts. The argument is that at best the wording used made Reed and Bonnell joint obligees with a one-half interest owned by each at the latter's death with Bonnell's one-half then going to her estate.

Chilson's position would be correct if this were solely an action at law for the construction of the wording used in the grain contracts. For, as was said in *Konecny v. von Gunten,* 151 Colo. 376, 379 P. (2d) 158 (1963):

"Under modern practice and statutory rules, to create a joint tenancy with survivorship rights, there must be

specific language manifesting such intent, and where the instrument is silent or ambiguous as to the nature of the joint estate created, it will be construed as creating a tenancy in common and not a joint tenancy. See 14 Am. Jur. page 84 and 48 C.J.S. Joint Tenancy § 3, page 918."

So here, if legal relief had been sought by Reed, the naked wording alone without a statute to clothe it with respectability would have been insufficient to have created a joint tenancy. Then the parol evidence rule would have applied full force to have kept out the evidence of Bonnell's intention.

▪ Reed's cross-claim, however, is an equitable one and the *Konecny* rule does not apply. Here reformation was sought of "the contracts and written notice to conform to the intention of the contracting parties * * * so as to create the relationship of joint tenants with right of survivorship * * * ," and to order all sums due thereunder to be paid to Reed. The trial court properly granted that relief and the evidence supports its judgment.

In *Arbaney v. Usel,* 61 Colo. 311, 157 Pac. 204 (1916), the court, in connection with the use of parol evidence in a reformation suit on a deed, said:

"It is urged that this evidence violates the rule against the admission of parol evidence to vary or contradict the terms of a written instrument. * * *

"This contention fails wholly to recognize the nature of this action. It was not brought to secure a construction of the deeds as executed; but to correct a mistake, and have the deeds reformed so as to express the intention of the parties, such reformation being necessary to remove a cloud on the title of the plaintiff.

\* \* \*

"The action being of the nature above stated neither of the rules invoked by plaintiffs in error is applicable. Parol evidence is admissible in a suit to cancel or reform a deed. 17 Cyc. 749; 1 Greenleaf on Evidence, 14th Ed. Sec. 296, a.

" 'Equity frequently will admit parol evidence to show the intention of the parties in executing a writing, and will, if possible, carry out this intention.' 10 R.C.L. 1018.

"This exception to the general rule applies in cases of fraud, accident and mistake, and without it equity would have no efficacy in one of the most important fields of its jurisdiction."

We see no reason why the rule applied to real estate in *Arbaney* should not, in the modern concepts of today, apply as well to personalty.

■ We hold therefore that the trial court was correct in applying the *Arbaney* rule to these accounts and in admitting the evidence in dispute here; and, it was correct in holding, based thereon, that the true intention of Bonnell was to create a joint tenancy and that the instruments must be reformed accordingly.

In view of our affirmation of the judgment the cross errors assigned will not be considered.

Judgment affirmed.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE MOORE concur.